IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-00032-01-CR-W-DGK |
| | ) |
| STANFORD C. GRISWOLD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending is the Government's Motion for Protective Order. Doc. 61. The Government seeks to partially limit the dissemination and publication of two witnesses' personnel records (hereinafter, "Personnel File Discovery"). *Id*. at 1. According to the Government, the Personnel File Discovery is not part of its case-in-chief, does not pertain to Defendant or the circumstances underlying the charges in this matter, is not being produced as "items material to preparing the defense," and does not pertain to the witness's anticipated testimony at trial. *Id*. at 2. Instead, the Government will produce the Personnel File Discovery solely pursuant to its obligations under *Giglio v. United States*, 405 U.S. 150 (1972). *Id*. Because the Personnel File Discovery involves sensitive and confidential employment matters for two separate witnesses, the Government argues good cause exists for the requested protective order. *Id*. at 3. At a status conference held before the Court on September 23, 2021, Defendant stated he had no objection to the protective order.

Pursuant to the Federal Rules of Criminal Procedure, "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) (stating district courts, when appropriate, should impose restrictions on "unwarranted disclosures" of discovery in criminal cases). "Good cause" is not defined in Rule 16(d) of the Federal Rules of Criminal

Procedure, and the Court has been unable to locate an Eighth Circuit decision defining "good cause" under Rule 16(d). However, the Third Circuit has defined good cause as follows:

> Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. The good cause determination must also balance the public's interest in the information against the injuries that disclosure would cause.

*United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), *as amended* (July 2, 2007) (citation and quotations omitted). District courts have found good cause is established when the disclosure of specific documents would infringe on the privacy of a third party or others associated with the matter. *See, e.g., United States v. Concord Mgmt. & Consulting LLC*, 404 F. Supp. 3d 67, 75-76 (D.D.C. 2019) (collecting cases); *United States v. Luchko*, No. CRIM.A. 06-319, 2007 WL 1651139, at *7 (E.D. Pa. June 6, 2007) (stating "[i]t is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection.") (citation omitted).

Here, the Government seeks to protect the Personnel File Discovery from being publicly disclosed. The Government does not move to preclude defense counsel[1] from discussing the Personnel File Discovery with Defendant. Rather, the Governments asks for a protective order that prohibits defense counsel from disseminating the Personnel File Discovery to persons other than the attorneys, or others working with the attorneys, in this matter. Based upon the Court's review of the Personnel File Discovery, the Court finds any public interest in the small number of documents protected by this order is outweighed by the potential for injury to the third party if the

---

[1] As indicated in its motion, the Government uses "attorneys," or "defense counsel" in reference to Defendant himself, as he is acting as his own counsel, and also stand-by counsel, and any future counsel who may enter an appearance on Defendant's behalf. Doc. 61 at 2 n.1.

Personnel File Discovery is publicly disclosed. Accordingly, the Court concludes the Government has established good cause for entry of the proposed protective order.

For the foregoing reasons, the Court GRANTS the Government's Motion for Protective Order (Doc. 61) and enters the following Protective Order:

It is ORDERED that the United States shall produce to Defendant the Personnel File Discovery, and such discovery shall be appropriately marked as produced pursuant to this Protective Order.

It is further ORDERED that the Personnel File Discovery shall not be disseminated by Defendant or his counsel of record to any individual, organization, or other entity, other than to (a) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, Defendant, secretarial staff, or other legal professionals from whom the defense team seeks advice and support); and (b) experts retained to assist in the preparation of the defense. As used in this Protective Order, "disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom. Defendant shall not retain in his possession a copy, including any paper or electronic reproduction, of the Personnel File Discovery. Members of the defense team may discuss the Personnel File Discovery to witnesses or potential witnesses when deemed necessary by the defense team, but may not provide copies, including any paper or electronic reproduction, of the Personnel File Discovery to witnesses or potential witnesses, other than expert witnesses. Defendant's counsel and the defense team shall store the Personnel File Discovery in a secure place. If a member of the defense team wishes to provide copies, including any paper or electronic reproduction, of the Personnel File Discovery to an expert witness, notice of such shall be provided to this Court *ex parte* and under seal. Each individual to whom disclosure is made pursuant to the above provisions shall be provided a copy of this Protective Order and shall be advised that he or she is prohibited from

further dissemination of the materials except by the express direction of counsel of record or co-counsel.

It is further ORDERED that Defendant may seek relief from these provisions as to a particular item in the Personnel File Discovery with the agreement of the United States or by providing notice to this Court of intent to provide copies of particular identified item(s) to a witness and the purpose in doing so. Notice shall be under seal. No copies of the item(s) shall be provided to the witness(es) until this Court so permits. This Court, after notifying the defense, may consult with the United States regarding any dissemination requests pursuant to this paragraph.

It is further ORDERED that the substitution, departure, or removal for any reason from this case of Defendant's counsel, or anyone associated with the defense team, shall not release that person from the provisions of this Protective Order.

It is further ORDERED that at the conclusion of this case, the Personnel File Discovery shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the United States, the Personnel File Discovery (and all copies thereof) shall be returned to the United States.

It is further ORDERED that no party shall make, or participate in the making of, any extrajudicial disclosure of the Personnel File Discovery for dissemination by means of public communication unless such materials are (or become) public record including, but not limited to, trial transcripts, documents received in evidence at other trials, or documents otherwise properly placed in the public domain, subject to any redaction or sealing requirements imposed by Rule 49.1 of the Federal Rules of Criminal Procedure.

It is further ORDERED that the Personnel File Discovery shall not be publicly filed in this matter. If a party intends to file a motion or other filing that includes the Personnel File Discovery or refers to the contents of the Personnel File Discovery, the party shall seek leave of Court to file

the motion or filing (or certain portions thereof) under seal. This Protective Order does not entitle or grant leave to any party to file sealed motions or documents as a matter of course. The parties are required to comply with the procedures set forth in the Court's Local Rules and the Court's CM/ECF Administrative Guide regarding the sealing of Court documents.

It is further ORDERED that this Protective Order is entered without prejudice to either party's right to seek a revision of the Protective Order by appropriate motion to this Court.

It is further ORDERED that nothing in this Protective Order shall be construed to affect the admissibility of evidence produced by the Government pursuant to the Protective Order. In addition, the Protective Order does not prohibit the parties from seeking to introduce documents disclosed under the Protective Order in any hearing in this matter.

DATE: September 23, 2021  /s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE