IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-00032-01-CR-W-DGK |
| ) | |
| STANFORD C. GRISWOLD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending is Defendant's pro se Motion to Reconsider Bond filed on February 22, 2022. Doc. 83. The Government filed Suggestions in Opposition on March 14, 2022. Doc. 90. Defendant filed a pro se reply on March 22, 2022. Doc. 97. After carefully reviewing the record and the parties' briefing, the Court finds Defendant's motion should be **DENIED**.

### I. Background

On January 22, 2019, Defendant was charged by criminal complaint with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc 1. That same day, the United States filed a motion for detention hearing. Doc. 2. United States Magistrate Judge Matt J. Whitworth held a detention hearing on January 25, 2019. Doc. 7. During the hearing, the parties stipulated that if called to testify the United States Pretrial Services Officer would testify consistently with the pretrial report (Doc. 6). *Id*. Detective James Manley with the Kansas City, Missouri Police Department also testified. *Id*. After considering the evidence and arguments presented by the parties, Judge Whitworth found no conditions or combination of conditions would reasonably assure the safety of the community or the appearance of Defendant at future court proceedings. *Id*.; *see also* Doc. 10. The Court ordered Defendant detained pending further proceedings. *Id.*

In his written detention order, Judge Whitworth cited several factors in support of his decision to detain Defendant, including the weight and strength of the evidence against Defendant; the lengthy period of incarceration Defendant faces if convicted; Defendant's prior criminal history; Defendant's history of participating in criminal activity while on probation, parole or supervision; Defendant's history of violence or use of weapons; Defendant's history of alcohol or substance abuse; and Defendant's prior failure to appear in court. Doc. 10 at 2-3. The detention order expanded on certain factors noting Defendant's outstanding warrants, his history of failing to appear while on community supervision, his criminal history including assaultive behavior and weapon possession, and his alleged use of PCP at the time of the instant offenses. *Id.* at 3. Judge Whitworth also observed Defendant was charged in this case with being found passed out in the driver's seat of a running car located at an intersection and a semi-automatic handgun was found within the car. *Id.*

The grand jury returned an indictment (Doc. 8) and a superseding indictment (Doc. 25) against Defendant. Both charge Defendant with being a felon in possession of a firearm, possession with intent to distribute PCP[1], and possession of a firearm in furtherance of a drug trafficking offense. *See* Docs. 8, 25. The superseding indictment includes an additional charge of possession of marijuana. Doc. 25.

On February 22, 2022, Defendant filed the pending pro se motion for reconsideration of the detention order. Doc. 83. Defendant contends the Court's denial of bond relied on the "[a]mount of PCP" Defendant had on his person and the gun recovered from the vehicle he occupied at the time of arrest. *Id.* at 1. Defendant states the Court's "First Misjudgement [sic]

---

[1] The original indictment charged Defendant with possession with intent to distribute PCP in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Doc. 8 at 1-2. The superseding indictment charges Defendant with the same except in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Doc. 25 at 1-2.

was the weight amount of PCP in [his] inditement [sic]." *Id*. Specifically, he states the "Rush job that the lab did" was "very unprofessional" and resulted in "a [sic] 841 intent to distribute because of the false Weight Amount of PCP that was later Dropped to a lessor [sic] Count 841 intent to Distribute once the correct Weight Amount finally came back almost two year's [sic] later." *Id*.

Further, Defendant states the "Second Misjudgement [sic] was that [he] smoke [sic] PCP and carry Gun's [sic]" because he was "never [ ] tested for Drug's [sic] (PCP)." *Id*. Defendant asserts mere possession of a firearm, absent any violent act, should not provide sufficient reason for detention. *Id*. at 2. Additionally, Defendant claims the Court should reconsider bond because he has maintained "good behavior" status while detained and he has strong family support to rely on if released. *Id*. at 3-5. Defendant also alleges the poor living conditions and COVID-19 lockdowns in the facility have made it difficult for him to prepare for trial and he expresses concern about repeated COVID-19 exposure. *Id*.

In its opposition filed March 14, 2022, the Government summarizes the nature and circumstances of the alleged offenses including "[D]efendant's violent efforts to flee from law enforcement" at the time of his arrest. *Id*. at 6. The Government argues Defendant's motion "does little by way of reasonably assuring his appearance in this matter in the future or for assuring that he will not endanger the safety of any other person or the community if released" considering his "history and characteristics" including his "prior criminal record and multiple violations while on federal supervised release." *Id.* at 6. On April 1, 2022, Defendant filed a lengthy reply in support of his motion to reconsider bond. Doc. 97. Therein, Defendant re-emphasizes the arguments

3

Case 4:19-cr-00032-DGK   Document 118   Filed 08/22/22   Page 3 of 7

included in his initial motion and additionally claims the Government's opposition wrongfully accuses him of attempting to flee the scene of arrest.² *Id.* at 10-15.

II. **Discussion**

The Court may reopen a detention hearing "any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). By its express terms, this provision applies to reconsideration of a detention order and provides that reconsideration is permissible "only when there is new information that would materially influence the judgment" concerning potential flight risk and potential risk of danger to any other person or the community. *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).

The Court finds the newly proffered information concerning an alleged mistake regarding the amount of PCP found on Defendant at the time of arrest and Defendant's "good behavior" while detained does not provide a sufficient basis to reopen the detention hearing. Further, the newly proffered information has no material bearing on whether conditions exist that would reasonably assure the safety of the community or Defendant's appearance in Court. Defendant is charged with serious offenses in the instant matter and faces a lengthy period of incarceration if convicted. Defendant also has a lengthy criminal history including a 2007 prior conviction in this Court for assaulting a federal law enforcement officer while actively resisting an arrest.³ He received an initial sentence of thirty months. He also had his supervised release revoked for drug

---

² Defendant's reply also raises several arguments directly related to the suppression of evidence. *See* Doc. 83. Because Defendant has a motion to suppress currently pending, (Doc. 84), the Court will not address the suppression arguments in this Order.

³ *See United States v. Stanford Griswold*, Case No. 07-00309-01-CR-W-HFS.

usage and a Residential Reentry Center violation. Doc. 6 at 3-4. He had a second revocation of supervised release for drug usage and failure to complete treatment. *Id*.

More recently, Defendant was convicted of driving while intoxicated in Jackson County Circuit Court in 2015. Doc. 6 at 4. He failed to appear in court on one occasion. *Id*. He was also convicted for resisting arrest in 2017. *Id*. At the time of the original detention hearing in this case, Defendant's probation for the 2017 resisting arrest case was suspended due to his failure to report to his probation officer. *Id*. There was an active arrest warrant issued in that case. *Id*.

The information in the pending motion to reconsider does not negate or alleviate the Court's concerns about the safety of the community. Defendant's contention that he allegedly possessed a smaller amount of PCP than the amount initially expressed in the indictment does not change the nature or circumstances of the charges against him, nor does it change his prior criminal history. The nature and circumstances of the instant offenses, which include possession of PCP while carrying a firearm, suggest a safety risk to the community. Further, the instant offense involves allegations that Defendant and a second party were passed out in a running vehicle that was blocking a lane of traffic at a busy intersection. *See* Doc. 1-1 at 1. There was also evidence adduced at a suppression hearing in this matter that upon waking up, Defendant struck two separate police cars in an attempt to flee the scene or elude officers. This conduct clearly implicates public safety concerns.

The information in the pending motion to reconsider also does not negate or alleviate the Court's concerns about the risk of nonappearance. Defendant did not perform well on federal supervision which resulted in two separate revocations of his supervised release. He failed to appear in court on the 2014 DWI matter. He failed to report to the probation officer regarding the

2016 conviction for resisting arrest.  The newly proffered information does not alleviate the risk of non-appearance.

Defendant contends he has strong family support.  This information, however, does not constitute new information.  *See* Doc. 6 at 1.  Defendant also argues the poor living conditions and repeated COVID-19 lockdowns have made it difficult to prepare for trial.  Doc. 83 at 3-5.  To the extent Defendant seeks temporary release in light of the COVID-19 pandemic, the Court finds such relief is not warranted. A judicial officer may permit temporary release of a defendant in custody of a United States Marshal when the judicial officer determines release is necessary for preparation of defense or for another compelling reason.  18 U.S.C. § 3142(i).  The defendant bears the burden of proving circumstances exist to warrant temporary release under section 3142(i). *United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. 2020).  Further a defendant is not entitled to temporary release under section 3142(i) based solely on generalized concerns over COVID-19.  *Id.* at 1156.

While the Court recognizes the pandemic causes reasonable fear and anxiety for all people, including those citizens who are detained in custody, the Court finds Defendant's stated concerns about COVID-19 are too generalized to support Defendant's release.  Defendant does not provide the Court with information about any illness or disability making him particularly susceptible to the virus.  The Court finds Defendant failed to meet his burden to establish circumstances warranting his release due to conditions of confinement or concerns related to COVID-19.[4]

---

[4] Courts have considered the following factors in determining whether a defendant's COVID-19 concerns present a compelling reason for release: (1) the original grounds for Defendant's pretrial detention; (2) the specificity of Defendant's stated COVID-19 concerns; (3) the extent to which a proposed release plan is tailored to mitigate or exacerbate COVID-19 risks to the defendant; and (4) the likelihood that defendant's proposed release would increase COVID-19 risks to others. *United States v. Clark*, 448 F. Supp. 3d 1152, 1157 (D. Kan. 2020). The Court does not find the preceding factor analysis necessary because Defendant merely presented general COVID-19 fears and speculation, for which he is not entitled to relief under section 3142(i).

After carefully reviewing the record in this case, including the initial order of detention, the facts clearly support the prior determination that there is no condition or combination of conditions that would reasonably assure Defendant's appearance in court and/or the safety of other persons and the community. The information in Defendant's pro se motion to reconsider does not have a material bearing on the issue of whether there are conditions of release that would meet the criteria set forth in 18 U.S.C. § 3142. The Court finds the detention hearing should not be reopened on the basis of the information presented in Defendant's motion for reconsideration.

Based on the foregoing, Defendant's Motion to Reconsider Bond (Doc. 83) is **DENIED**. Defendant shall remain detained in the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED.**

DATE: August 22, 2022

/s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE