IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-00032-DGK-1 |
| | ) | |
| STANFORD C. GRISWOLD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Now before the Court is a filing, ECF No. 155, which the Court construes as a pro se motion to reduce sentence pursuant to Amendment 821 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).[1]

Defendant believes he is eligible for a reduced sentence pursuant to Part A of Amendment 821 to the Sentencing Guidelines. Part A of Amendment 821 reduces "status points"—criminal history points added when the offense is committed while under another criminal justice sentence—by one point for individuals with seven or more criminal history points and eliminates status points for individuals with six or less criminal history points. *See* U.S.S.G. § 4A1.1(e). Thus, under Part A of Amendment 821, Defendant is eligible for a reduced sentence only if the amendment reduces his criminal history category such that the applicable guidelines range is lower. *See* U.S.S.G. § 1B1.10(a)(2)(B).

At the time the Court sentenced Defendant, under the then-existing guidelines, Defendant's total criminal history score was 11 and his criminal history category was V. PSR ¶¶ 48-50; ECF No. 137. Applying Amendment 821's change to § 4A1.1 to Defendant's guidelines calculation would

---

[1] The Court appointed the public defender to represent Defendant, and the public defender has withdrawn.

reduce his total criminal history score to 10 but not change his criminal history category or his Guidelines range.  *See* U.S.S.G. ch. 5.  Defendant is therefore ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(B).

The motion is DENIED.

**IT IS SO ORDERED.**

Dated:  December 4, 2025   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT JUDGE